CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/21/2025

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| TIFFANY VERLEIGHA POINDEXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Nos.: 6:25-cv-00043; |
| v. ) | 6:25-cv-00051; 6:25-cv-00052 |
| ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the court[1] on Equifax Information Services, LLC, Experian Information Solutions, Inc., and TransUnion, LLC's (collectively defendants) joint motion to consolidate the following three cases, pursuant to Rule 42(a): (1) 6:25-cv-00043; (2) 6:25-cv-00051; and (3) 6:25-cv-00052. (Joint Mot. to Consol., ECF No. 27; *see also* Fed. R. Civ. P. 42(a).) Plaintiff Tiffany Verleigha Poindexter (Ms. Poindexter), proceeding *pro se*, filed a response in opposition, (Pl.'s Opp'n to Defs.' Joint Mot. to Consol. Cases, ECF No. 29), and defendants responded with a reply in support of their motion. (Reply in Supp. of Joint Mot. to Consol. Cases, ECF No. 30.) The parties did not request a hearing on the matter. The facts and legal contentions are adequately presented in the materials submitted, and a hearing would not aid the decisional process. The matter is ripe for decision on the parties' written submissions. For the reasons below, defendants' joint motion to consolidate cases is **GRANTED**.

---

[1] On July 15, 2025, the presiding District Judge referred, pursuant to 28 U.S.C. § 636(b)(1)(A), all nondispositive pretrial motions and issues to the undersigned. (Pretrial Order at 4, ECF No. 16.)

## I.    BACKGROUND

### A. Ms. Poindexter's Three Complaints

On March 4, 2025, Ms. Poindexter obtained three consumer credit reports respectively prepared by Equifax, Experian, and TransUnion. (Equifax Compl. at 2, ECF No. 1, 6:25-cv-00043; Experian Compl. at 2, ECF No. 1, 6:25-cv-00051; TransUnion Compl. at 2, ECF No. 1, 6:25-cv-00052.) In her complaint against Equifax, Ms. Poindexter alleged that there were twelve false, incomplete, or materially misleading tradelines[2] on her Equifax consumer credit report. (Equifax Compl. at 2-11.) In response, Ms. Poindexter (1) submitted a written dispute with documentation to show that that tradelines were inaccurate and (2) requested a reinvestigation and correction of the disputed tradelines. (*Id.* at 12.) Equifax failed to reinvestigate the inaccuracies within thirty days, according to Ms. Poindexter. (*Id.*)  According to Ms. Poindexter, Equifax's failure to reinvestigate the alleged inaccuracies caused Ms. Poindexter to face credit denials, higher interest rates, and loss of credit opportunities, reputational harm, and emotional stress. (*Id.* at 11-12.)

On June 4, 2025, Ms. Poindexter brought two claims under the Fair Credit Reporting Act (FCRA) against Equifax. (*Id.* at 12.) Ms. Poindexter's first claim was that Equifax—in violation of FCRA provision 15 U.S.C. § 1681e(b)—allegedly violated the statutory requirement that consumer reporting agencies "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (*Id.* at 12.) Ms. Poindexter's second claim was

---

[2]  "Tradeline" is a "term used by credit reporting agencies to describe credit accounts listed on your credit report. For each account you have, there is a separate tradeline, which includes information about the creditor and the debt." *Ennis v. Equifax Info. Servs., LLC*, No. 7:20-CV-143 (HL), 2021 WL 4944801, at *1 (M.D. Ga. Oct. 22, 2021) (quoting Ben Luthi, *What are Tradelines and How Do They Affect You?*, Experian (May 1, 2019), https://www.experian.com/blogs/ask-experian/what-are-tradelines/).

that Equifax—in violation of FCRA provision 15 U.S.C. § 1681i—failed to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." (*Id.*) Ms. Poindexter requested (1) actual damages; (2) statutory damages under 15 U.S.C. § 1681n(a); (3) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); (4) reasonable attorneys' fees as provided for in 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and (5) injunctive relief to correct Ms. Poindexter's consumer credit report. (*Id.* at 13.)

On July 2, 2025, in a nearly identical complaint, Ms. Poindexter alleged that Experian had eight inaccurate tradelines about her on her consumer credit report. (Experian Compl. at 3-9.) Notably, eight of the allegedly inaccurate tradelines on the Experian consumer credit report were identical to the tradelines on the Equifax consumer credit report. (*Id.* at 3-9; Equifax Compl. at 2-11.) As with Equifax, Ms. Poindexter claims that she submitted a written dispute and documentation to support her dispute to Equifax, but Equifax did not reinvestigate within thirty days. (Experian Compl. at 9.) As with Ms. Poindexter's complaint against Equifax, Ms. Poindexter made identical allegations of the harms caused by Equifax: credit denials, higher interest rates, and loss of credit opportunities, reputational harm, and emotional stress. (*Id.*) Ms. Poindexter made the same two claims against Experian as she had against Equifax: (1) Experian violated 15 U.S.C. § 1681e(b) by failing to follow "shall follow reasonable procedures to assure maximum possible accuracy of the information" (*id.* at 9); and (2) Experian failed to comply with 15 U.S.C. § 1681i by not conducting a "reasonable reinvestigation." (*Id.* at 10.) Ms. Poindexter requested the identical relief from Experian as the relief she sought from Equifax. (*Id.*)

Also, on July 2, 2025, Ms. Poindexter filed against TransUnion a complaint, which had nine tradelines that were identical to Equifax's tradelines. (TransUnion Compl. at 3-

9; Equifax Compl. at 2-11.) Moreover, eight of TransUnion's tradelines were identical to eight of Experian's tradelines. (TransUnion Compl. at 3-9; Experian Compl. at 3-9.) Like with Equifax and Experian, TransUnion allegedly failed to a reinvestigate within thirty days after Ms. Poindexter submitted a written dispute with documentation. (TransUnion Compl. at 12.) Complaining of the same harms—credit denials, higher interest rates, and loss of credit opportunities, reputational harm, and emotional stress—Ms. Poindexter brought the same claims against TransUnion: (1) TransUnion did not follow 15 U.S.C. § 1681e(b) because it did not "follow reasonable procedures to assure maximum possible accuracy of the information"; and (2) TransUnion did not comply with 15 U.S.C. § 1681i when it did not complete a "reasonable reinvestigation." (*Id.* at 12-13.) Ms. Poindexter requested the same relief from TransUnion, Equifax, and Experian. (*Id.* at 13; Equifax Compl. at 13; Experian Compl. at 13.)

## B. Defendants' & Ms. Poindexter's Arguments on Defendants' Joint Motion to Consolidate Cases

On August 28, 2025, defendants moved for a consolidation of the three cases based on Rule 42(a) because judicial economy favors consolidation when there is a common question of law or fact. (Mem. in Supp. of Joint Mot. to Consol. Cases at 2, ECF No. 28 (citing *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 238 (E.D. Va. 1999).) Defendants noted that the claims and relief sought are identical in all three cases. (*Id.*) The factual allegations are identical in the complaints against Experian and TransUnion, and the factual allegations are highly similar in the complaint against Equifax compared with the complaints against Equifax and Experian. (*Id.*) Defendants advanced two arguments in favor of consolidation. First, the court will be more efficient if the cases are

4

consolidated. (*Id.* at 3.) Second, the parties will save resources because the consolidation will prevent duplication of efforts on, for example, discovery. (*Id.*)

On September 2, 2025, in her opposition, Ms. Poindexter made five arguments that consolidation would be prejudicial against plaintiff. (Pl.'s Opp'n to Defs.' Joint Mot. to Consol. at 2.) First, Ms. Poindexter argued the three defendants acted separately, so consolidating the cases would prejudice Ms. Poindexter because consolidation would impair Ms. Poindexter's presentation of distinct evidence against distinct conduct by different defendants. (*Id.*) Second, consolidation would be prejudicial against Ms. Poindexter, given that defendants are large corporations, and Ms. Poindexter is a *pro se* party. (*Id.*) Third, a jury might be confused about which defendant engaged in what conduct if there is a consolidated case. (*Id.*) Fourth, in this case, the prejudice to Ms. Poindexter outweighs the benefit of increased efficiency. (*Id.*) Fifth, as an alternative to consolidation, Ms. Poindexter noted that consolidation could be for pre-trial purposes, but at trial the defendants should be tried separately. (*Id.*)

In reply, defendants critiqued Ms. Poindexter's opposition for contradicting her complaints because the complaints alleged identical and similar behavior by the three defendants, but Ms. Poindexter's opposition to the consolidation is justified, in large part, because defendants engaged in separate conduct. (Reply in Supp. of Joint Mot. to Consol. Cases at 1-2.) Also, Ms. Poindexter argued defendants have "distinct obligations under the FCRA," (Pl.'s Opp'n to Defs.' Joint Mot. to Consol. At 2), but Ms. Poindexter sued all defendants pursuant to the same provisions of the FCRA. (Reply in Supp. of Joint Mot. to Consol. Cases at 2; Equifax Compl. at 13; Experian Compl. at 9-10; TransUnion Compl. at 12-13.) Finally, defendants raised the concern that if the three defendants were tried

separately, then there is the risk that different juries would reach inconsistent rulings. (Reply in Supp. of Joint Mot. to Consol. Cases at 2.)

## II.    LEGAL STANDARD

### A. Legal Standard for Rule 42

On motions to consolidate, Rule 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. In evaluating a motion to consolidate, courts must consider the following five factors: "(1) Whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and possible confusion; (2) The relative burden on the parties; (3) Witnesses and available judicial resources posed by multiple lawsuits; (4) The length of time required to conclude multiple suits as against a single one; and, (5) The relative expense to all concerned of the single-trial, multiple-trial alternatives." *Maron v. Virginia Polytechnic Inst. & State Univ.*, No. 7:08-CV-00579, 2011 WL 1002685, at *2 (W.D. Va. Mar. 18, 2011) (citing *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982)); *see also Noffsinger v. Custom Transp., Inc.*, No. 7:20-CV-00398, 2022 WL 22903130, at *1 (W.D. Va. Feb. 3, 2022) (quoting *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018)) (applying the same five factors on a Rule 42(a) motion to consolidate). Courts have "broad discretion" on whether to grant a motion to consolidate. *Estes v. Clarke*, No. 7:15CV00155, 2015 WL 6180709, at *1 (W.D. Va. Oct. 14, 2015) (quoting *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.,* 559 F.2d 928, 933 (4th Cir.1977)).

In a factually and procedurally similar case, *Davis v. TransUnion*, a federal court in California granted defendants TransUnion, Experian, and PNC Bank's motion to

consolidate. *See* No. 2:22-CV-05819-SPG-AS, 2023 WL 11983361, at *1 (C.D. Cal. Aug. 14,

2023). In *Davis*, plaintiffs brought FCRA claims under 15 U.S.C. § 1681e(b) and 15 U.S.C.

§ 1681i against Equifax, Experian, and TransUnion. Compl. at 2-3, 14-20, *Davis v.

TransUnion*, No. 2:22-CV-05819-SPG-AS (C.D. Calif, Aug. 17, 2022), ECF No. 1. Plaintiffs

opposed defendants' motion to consolidate. *Davis*, 2023 WL 11983361, at *2. The court

found that plaintiffs' "complaints make the same core factual allegations" that defendants

caused plaintiffs harm through "inaccurate reporting and damage to each of the plaintiffs'

credit histories related to a loan." *Id.* On the judicial efficiency factor, the court found

that granting the motion to consolidate would "minimize costs to their clients and would

not be left asking the Court for duplicative relief, including in preparation for trial." *Id.* at

*3. On the factor of prejudice to the parties, the court noted that "limiting jury instructions

should properly ensure that the jury does not confuse the issues." *Id.* at *3. As a result, in

*Davis*, the District Judge granted the defendant credit rating agencies' motion to

consolidate. *Id.* at *3.

In a similar case, *Morrison v. U.S. Bancorp Card Services*, a *pro se* plaintiff

brought a FCRA claim under 15 U.S.C. § 1680 against six financial services firms for

allegedly failing to "request that three credit reporting agencies, Trans-Union, Equifax,

and Experian, remove from their records allegedly 'inaccurate information' concerning

the Plaintiff." No. 3:04CV640-H, 2005 WL 8174267, at *1 (W.D.N.C. Aug. 23, 2005). In

*Morrison*, the Magistrate Judge granted defendants' joint motion to consolidate based on

the following reasoning: "consolidation for discovery and other pretrial purposes clearly

will avoid unnecessary, duplicative expense and effort and increase judicial efficiency and

economy, while causing very little, if any, prejudice or confusion to the parties. To the

contrary, it is apparent that consolidation for pretrial purposes will be entirely beneficial to all parties and to the Court." *Id.* at \*2.

### III.  DISCUSSION

Here, there are common questions of law and fact in the cases for which the defendants seek consolidation. Because Ms. Poindexter made the same two FCRA claims—15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i—against defendants and requested the identical relief from defendants, there are common questions of law. (Equifax Compl. at 12-13; Experian Compl. at 9-11; TransUnion Compl. at 12-13; *see also Williams v. Vinson*, No. 1:08CV851LMBTCB, 2008 WL 7073539, at \*1 (E.D. Va. Aug. 26, 2008) ("Because plaintiff's three civil actions raise the same claim against these three defendants, they will be consolidated.") Ms. Poindexter's factual allegations against Defendants are either identical or substantially similar, so there are common questions of fact. (Equifax Compl. at 2-11; TransUnion Compl. at 3-9; Experian Compl. at 3-9; *see also Seabrooks v. Evans Delivery Co.*, No. 5:20-CV-00039, 2020 WL 6122294, at \*2 (W.D. Va. Oct. 16, 2020) (citing *Vortekx, Inc. v. IAS Commc'ns, Inc.*, 72 F. Supp. 2d 638, 640 (N.D. W. Va. 1999)) (granting consolidation when plaintiff filed two lawsuits that shared common facts and substantially similar claims). Because there are common questions of law and fact, the court turns to the five-factor analysis.

On the risk of inconsistency versus risk of prejudice factor, Ms. Poindexter's argument that consolidation would prejudice Ms. Poindexter's presentation of different evidence on different conduct by different defendants, (Pl.'s Opp'n to Defs.' Joint Mot. to Consol. at 2), is inapplicable because "[c]ourts primarily cite risk of prejudice and possible confusion as a factor counseling against consolidation in the Rule 42(a) context when there exist multiple similarly situated Plaintiffs." *Harrell v. Tutt, Taylor & Rankin Real*

*Est. LLC*, No. 1:20-CV-1347, 2020 WL 9348161, at *3 (E.D. Va. Dec. 9, 2020) (citing *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74-75 (4th Cir. 2018)). Here, there is only one plaintiff, so the risk of prejudice is minimized. Also, separate cases "could result in inconsistent determinations of liability among the parties if they were tried separately, [so] this factor favors consolidation." *Smalley v. Kinder Morgan Virginia Liquids Terminals, LLC*, No. 2:24-CV-241, 2025 WL 1605027, at *3 (E.D. Va. June 6, 2025). Here, the risk of inconsistent outcomes for three cases is higher than the risk of prejudice. This case is like *Morrison* because consolidation will benefit the parties, and the risk of prejudice to Ms. Poindexter is minimal. 2005 WL 8174267, at *1. Also, as in *Davis*, the court has tools (such as, limiting jury instructions) to help avoid confusion amongst jurors. 2023 WL 11983361, at *3. This factor suggests that consolidation is appropriate.

On the relative burden to the parties factor, the costs of processing duplicative requests, attending multiple depositions, responding to motions practice, and preparing of three trials would likely be burdensome for any plaintiff, but the court is aware of the special pressures faced by a *pro se* plaintiff. *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19CV00080, 2020 WL 5209535, at *3 (W.D. Va. Sept. 1, 2020) (finding that consolidation would lower the costs by avoiding duplication in discovery and pretrial motions). Simply put, three cases would be significantly more expensive than one case. This is true for Ms. Poindexter and the defendants. This factor weighs strongly in favor of granting the motion to consolidate.

On the witness availability and judicial resources factor, it would likely be burdensome for the witnesses to make duplicative court appearances. *See Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 634 (E.D. Va. 2006) (noting that consolidation would likely reduce the costs of obtaining witness attendance). Judicial

resources would also be put to better use on one case instead of three cases. *See Chadwell v. Lee Cnty. Sch. Bd.*, No. 2:06CV00011, 2006 WL 3359611, at *1 (W.D. Va. Nov. 20, 2006) (citing *Switzenbaum v. Orbital Scis. Corp.,* 187 F.R.D. 246, 248 (E.D. Va .1999) ("Judicial economy generally favors consolidation."). This factor favors consolidation.

On the time factor, the court finds that it would almost certainly take more time to conclude three lawsuits instead of one.  *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (finding that consolidation of multiple suits into one suit would reduce the amount of time needed). An expeditious resolution of these cases would be in the best interest of all parties, and one case will move quicker than three cases. *See Davis v. Stadion Money Mgmt., LLC*, No. 1:19CV119, 2019 WL 7037426, at *4 (M.D.N.C. Dec. 20, 2019) (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)) ("[A]ll parties benefit from a speedy resolution of disputes"). Thus, this factor favors granting defendants' motion to consolidate.

On the relative expense factor, conducting three trials would be more expensive for Ms. Poindexter and defendants than conducting one trial. *See Scurmont, LLC v. Firehouse Rest. Grp., Inc.*, No. 4:09-CV-618-TLW-TER, 2010 WL 11433200, at *2 (D.S.C. Jan. 8, 2010) ("Without question, it would be more costly for both the court and the parties to litigate two cases instead of one.") This factor favors consolidation.

## VI.   CONCLUSION

The five factors favor consolidation pursuant to Rule 42(a), so the court finds good cause for granting defendants' joint motion to consolidate cases, ECF No. 27. Defendants' motion is **GRANTED**.

It is further ordered that the parties must contact—within fourteen days of entry of this Order—Courtroom Deputy Carmen Amos to schedule a consolidated trial date.

It is so **ORDERED**.

Entered: October 21, 2025

Honorable C. Kailani Memmer
United States Magistrate Judge