CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/30/2026
LAURA A. AUSTIN, CLERK
BY:    s/ C. Amos
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| TIFFANY POINDEXTER, | CASE NOS. 6:25-CV-00043 (Lead case) |
| *Plaintiff,* | 6:25-CV-00051 |
| v. | 6:25-CV-00052 |
| EQUIFAX INFORMATION SERVICES, LLC, ET AL., | MEMORANDUM OPINION & ORDER |
| *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Tiffany Poindexter ("Poindexter") filed three lawsuits against three credit reporting agencies ("CRAs")—Equifax (6:25-cv-43), TransUnion (6:25-cv-51),[1] and Experian (6:25-cv-52). She claims each violated the Fair Credit Reporting Act ("FCRA") by including inaccurate information in her credit report and by failing to correct their mistakes. The Court consolidated these matters under case number 6:25-cv-00043. *See* Dkt. 45. Poindexter has filed three complaints, and Equifax and Experian have moved to dismiss the second amended complaint. Dkts. 69, 75. Equifax's and Experian's motions will be granted because (1) Poindexter has failed to allege how inaccuracies in her credit report caused her harm, and (2) she has not alleged what information is inaccurate. Moreover, dismissal with prejudice is appropriate because Poindexter has not cured her pleading deficiencies despite being given three opportunities to state her case.[2]

---

[1]    Unlike Equifax and Experian, which moved to dismiss the second amended complaint, TransUnion answered. Dkt. 71.

[2]    The Court held a hearing on December 2, 2025, on the motion to dismiss Poindexter's amended complaint. Dkts. 53, 54. At the hearing, the Court informed Poindexter that she must

*See Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 716 (E.D. Va. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Allen v. D. Harris Enters.*, 2025 WL 359559, at *5 (D. Md. Jan. 30, 2025).

## I.    BACKGROUND

Poindexter attached her credit report to her second amended complaint. Dkt. 64 at 22–39. She identifies thirteen tradelines in her credit report that she claims Equifax and Experian misreported. *Id.* at 3–7.

The first six accounts relate to Poindexter's student loans. Dkt. 64 a 3–4. She claims Equifax and Experian inaccurately or misleadingly reported that her student loans had: (1) "balances [that] exceed[ed] the report 'high credit' amounts," (2) repayment terms of "0 months," and (3) credit limits of $0. *Id.* ¶ 14. She also alleges that Equifax and Experience inaccurately reported the opening dates of her accounts, the last activity dates, the last payment dates, and that her accounts were current. *Id.*

The seventh and eighth accounts relate to a MoneyLion installment loan. Poindexter alleges that "TransUnion reported these accounts as 'closed,' while Experian reported them as 'paid.'" *Id.* ¶ 17. She alleges that Equifax reported the accounts as "closed or paid account." *Id.* ¶ 18. Finally, she alleges that all Defendants reported "inconsistent dates opened, last activity dates, and last payment dates." *Id.* ¶ 19.

---

allege facts that show how the information reported by any of the CRAs was inaccurate. 12/2/25 H'rg Tr. at 14:14–17. Poindexter requested leave to amend, which the Court granted. Dkts. 54, 65. However, Poindexter's second amended complaint did not improve; rather, it got worse. Her first amended complaint at least alleged what information was "false" or "inaccurate" albeit conclusorily. *See generally*, Dkt. 13. Her second amended complaint never identifies what information is accurate or inaccurate, but instead baldly asserts her credit report contains "contradictions" and "inconsistencies." *E.g.*, Dkt. 64 at 9–10.

The ninth account relates to Poindexter's GS Bank Credit Card. *Id.* at 5. Poindexter claims Experian failed to report this tradeline altogether, *id.* ¶ 25, and that Equifax reported the account as "charged off." *Id.* ¶ 24. She does not dispute that her account was charged off; rather, she complains that Equifax reported a $0 credit limit and high credit of $2,219, which she asserts is a contradiction.[3]  *Id.* ¶ 24.

The tenth tradeline relates to a MEMONE car loan; however, she concedes that neither Experian nor Equifax reported any information about the car loan. *Id.* ¶ 28.

The eleventh tradeline reports on Poindexter's Bank of America credit card, and again, Poindexter concedes that Experian reported no information about this credit card. However, she alleges Equifax reported a $0 credit limit while also reporting high credit. *Id.* ¶ 31. She also claims Equifax reported the credit card as "derogatory," but never contest the accuracy of this report. *Id.*

The twelfth tradeline reports on Poindexter's Capitol One Credit Card, and yet again, Poindexter concedes that Experian reported no information about this card. *Id.* ¶ 36. However, she claims that Equifax reported the card as "paid-charge-off," and "derogatory," while also reporting a $0 credit limit. *Id.* ¶ 35.

And finally, the thirteenth tradeline reports on Poindexter's Member One Federal Credit Union accounts. *Id.* ¶ 37.  Only Equifax reported on this account; and Poindexter claims Equifax's reporting was misleading because it did not include a "last payment date" and it also stated that "subject has not satisfied debt." *Id.* ¶¶ 38, 39.

---

[3]     Although the Court construes Plaintiff's allegations favorably and grants her all reasonable inferences, there is not necessarily a contradiction when a CRA reports a $0 credit limit and a high credit of $2,219. When a card has no set credit limit, CRAs will often report the credit limit as $0. They will then report the "high credit" as the highest balance that has been charged to the card.

## II.    LEGAL STANDARD

To survive Rule 12(b)(6), a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At the 12(b)(6) stage, a court must accept the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because Poindexter is proceeding *pro se*, the Court must liberally construe her second amended complaint. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, the Court need not draw inferences that are "unsupported by facts alleged in the complaint." *Green v. McHugh*, 793 F. Supp. 2d 346, 349 (D.D.C. 2011); *see also Grigg v. Montana Dep't of Justice, et al.*, 2026 WL 1134159, at *2 (D.N.D. Feb. 4, 2026).

## III.    ANALYSIS

### A.  Poindexter does not allege how certain reporting inaccuracies cause an Article III injury-in-fact.

"[S]tanding to sue is a jurisdictional issue of constitutional dimensions[.]" *Hodges v. Abraham*, 300 F.3d 432, 443 (4th Cir. 2002). To demonstrate standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has the burden of establishing all three elements, for every claim. *See Bostic v. Schaefer*, 760 F.3d 352, 370-71 (4th Cir. 2014). Even if neither party raises a standing issue, the Court has an obligation to assess its own subject matter jurisdiction. *See Arbaugh v. Y&H*

4

*Corp.*, 546 U.S. 500, 514 (2006); *see also Beck v. McDonald*, 848 F.3d 262, 267 (4th Cir. 2017) (where there is no standing, a court must dismiss the action for lack of subject matter jurisdiction).

The Supreme Court has held that "not all inaccuracies [in a credit report] cause harm or present any material risk of harm."[4] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016). It offered the example of a misreported zip code as an inaccuracy that would not cause a consumer any cognizable injury. *Id.* Other courts have extended the Supreme Court's reasoning and have held that misreporting the opening date of an account does not necessarily cause harm to the consumer. *See, e.g.*, *Fitzpatrick v. Midland Credit Mgmt., Inc.*, 2025 WL 2711444, at *5 (S.D.N.Y. Sept. 23, 2025). A consumer must plead facts establishing that they were injured by a CRA misreporting the opening date of an account. *Id.* Here, Poindexter baldly asserts she was injured because Equifax and/or Experian incorrectly reported the opening dates of certain accounts. Dkt. 64 ¶¶ 14, 19. However, absent specific allegations about how this misreporting caused her any harm, Poindexter has not established Article III standing as to those alleged inaccuracies. *Fitzpatrick*, 2025 WL 2711444, at *5.

Similarly, it is difficult to see how a consumer is injured by a CRA failing to report a tradeline altogether or by reporting that an account has been paid. Under these circumstances, an inference of injury is unwarranted. *See Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003) ("a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing."). This is especially so when reporting an account as "paid" or "current" presumably *helps* the consumer's creditworthiness. *See Arriaza v. Experian Info. Sols.*, Inc., 2021 WL 1019937, at *4 (D. Md. Mar. 17, 2021). Where Poindexter suffers no *harm*,

---

[4]    *Spokeo* defines "injury in fact as the invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 209 (4th Cir. 2017).

she cannot meet her burden of establishing standing. *See Nestler v. Bishop of Charleston*, 2022 WL 884237, at *5 (D.S.C. Mar. 24, 2022).

Accordingly, the Court must dismiss Poindexter's FCRA claims to the extent they rely on: (1) inaccurate opening dates, (2) inaccurately reporting an account as paid, or (3) failing to report a tradeline at all.[5]

### B. The second amended complaint lacks factual allegations establishing the elements of § 1681e(b) or § 1681i.

Poindexter's claims also fail on the merits. To plead a viable § 1681e(b) claim, Poindexter must plausibly allege that the CRAs: (1) reported *inaccurate* credit information about her, (2) failed to follow reasonable procedures to assure the accuracy of her credit report; (3) she was injured; and (4) the injury was caused by the inclusion of the inaccurate entry. *See Henderson v. Source for Public Data, L.P.*, 53 F.4th 110 (4th Cir. 2022); *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Teklewolde v. Am. Exp. Corp.*, 2007 WL 1825164, at *1 (W.D.N.C. June 21, 2007). The elements of §§ 1681e(b) and 1681i claims are similar except the second element differs between the two. *See Thompson v. Santee Auto. LLC, et al.*, 2026 WL 1026160, at *3 (D.S.C. Apr. 16, 2026); *Mason v. Equifax Info. Servs. LLC*, 2024 WL 3373439, at *2 (N.D. Ind. July 10, 2024); *Jackson v. Warning*, 2016 WL 520947, at *5 (D. Md. Feb. 5, 2016). For the second element of a § 1681i claim, Poindexter must "plead facts specific to the reasonableness of the CRA's reinvestigation of the plaintiff's disputed information." *Mason*, 2024 WL 3373439, at *2.

---

[5] Ordinarily a dismissal for lack of jurisdiction is without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). However, in this case, not all of Plaintiff's allegations suffer from an obvious standing defect and are therefore subject to adjudication on the merits. Additionally, all of Plaintiff's claim (including those for which there is no standing) suffer from the same flaws on the merits. Therefore, even if Plaintiff had alleged an injury-in-fact relating to tradelines with inaccurate opening dates, those claims would have still been dismissed for other pleading deficiencies.

### i.  Poindexter pleads no facts establishing inaccuracy.

Under either § 1681e(b) or § 1681i, Poindexter must plead sufficient facts to demonstrate that Equifax and Experian reported *inaccurate* information.  *See Perry v. Toyota Motor Credit Corp.*, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019); *Alston v. Equifax Info. Servs., LLC*, 2016 WL 5349716, at *3 (D. Md. Sep. 22, 2016); *Hinton v. TransUnion, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009). A report contains inaccurate information when the information is patently incorrect or when it is "'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)); *see also Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249-52 (4th Cir. 2025). Poindexter's §§ 1681e(b) and 1681i fail because she does not demonstrate how anything Equifax or Experian reported was patently incorrect or "misleading in such a way that it [could] be expected to have an adverse effect." *Dalton*, 257 F.3d at 415.

For example, Poindexter alleges that for her first student loan account TransUnion and Experian reported the last payment date as December 27, 2024, while Equifax reported the last payment date as January 1, 2025. Dkt. 64 at 25. Setting aside the question of how such a minor discrepancy would cause Poindexter any harm, Poindexter never alleges the correct last payment date.  Therefore, it is impossible to determine whether TransUnion and Experian were right when they reported December 27, 2024, whether Equifax was right when it reported January 1, 2025, or whether they all were wrong.

Similarly, Poindexter claims that TransUnion and Experian reported that her student loans had a 300-month term and that Equifax reported they had a zero-month term. Dkt. 64 ¶ 14; *id.* at 15, 25. She implies that Experian's reporting was inaccurate, but she does not allege that her student loans have any specific term of repayment. Her failure to plead the "correct" information,

while simultaneously asserting reporting inaccuracies, is a fatal flaw that permeates her second amended complaint.  This flaw makes it impossible to determine whether any information reported by Equifax or Experian was actually "inaccurate."

There are numerous other examples across multiple accounts of how Poindexter fails to plead inaccuracy. Just because Poindexter identifies "inconsistencies" within her credit report does not mean that the Court can infer that one CRA was wrong and the others were right, especially when there are no facts to support an inference against one versus the others. This consistent failure dooms both her §§ 1681e(b) and 1681i claims.[6]

### ii.   Poindexter alleges nothing about the reasonableness of Experian's or Equifax's reporting procedures or reinvestigation procedures.

As noted above, Poindexter must allege some facts showing that Experian and Equifax failed to follow reasonable procedures to: (1) assure the accuracy of her credit report, or (2) reinvestigate information disputed by the consumer. *Mason*, 2024 WL 3373439, at *2; *Teklewolde*, 2007 WL 1825164, at *1. Both Experian and Equifax correctly argue that the second amended complaint is devoid of any facts about their reporting or reinvestigation procedures. Dkt. 70 at 5–6; Dkt. 76 at 7. Instead, the second amended complaint relies on labels and conclusions. *E.g.*, Dkt. 64 ¶ 12 ("Despite repeated disputes and multiple reinvestigation triggers, Defendants failed to

---

[6]    Although each amended complaint supersedes (*i.e.*, fully replaces) earlier complaints, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), the Court nonetheless reviewed Poindexter's earlier filings. Admittedly, Poindexter's earlier complaints, Dkts. 1, 13, do a better job of identifying incorrect information and alleging how the information is incorrect. If pleading the "inaccuracies" in her credit report was the only problem with Poindexter's second amended complaint, the Court would have been inclined to give her a final chance to amend. But Poindexter's second amended complaint also fails to plead the other elements of §§ 1681n and 1681o claims. Given that Equifax and Experian have each already filed three motions to dismiss, *e.g.* Dkts. 9, 18, 69, and Poindexter's second amended complaint is still deficient on multiple fronts, it would be unduly prejudicial to Defendants to give Poindexter another bite at the apple.

conduct reasonable reinvestigations, failed to correct or delete inaccurate and incomplete information, and continued to public materially inaccurate and misleading information in Plaintiff's consumer reports."); *see also id.* ¶¶ 15, 20, ("The inaccuracies [or inconsistencies] persisted after Plaintiff's dispute."); id. ¶ 46 ("Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports); *id.* ¶¶ 49 – 52 ("Defendants failed to conduct reasonable reinvestigations and failed to correct or delete inaccurate information.").

These bald assertions about the insufficiency of Experian's and Equifax's reporting and reinvestigation procedures are insufficient to state a claim under the FCRA. *See Hall v. EOS CCA*, 2025 WL 3755592, at *3 (W.D. Va. Dec. 29, 2025) (internal citations omitted) ("Hall fails to allege facts demonstrating the second element, instead merely stating that 'Experian failed to follow reasonable procedures to assure maximum possible accuracy by continuing to report unreliable and contradictory information' . . . [t]his allegation procudes nothing more than a legal conclusion."); *Waller v. Experian Info. Sols., Inc.*, 2024 WL 3555344, at *14 (D. Md. Jul. 24, 2024) (although the plaintiff alleges that Experian "fail[ed] to reasonably reinvestigate," the plaintiff "fails to put forth facts sufficiently alleging Experian's reinvestigation processes were unreasonable[.]"). Poindexter seems to rely on an inference that "inconsistencies" between the three CRAs' reporting is the same as them having unreasonable reporting procedures. But such an inference is unsupported by factual allegations. Each CRA may have different criteria which leads it to report slightly differently than the other CRAs. But just because reporting criteria may vary across the CRAs does not makes those criteria unreasonable.

Similarly, Poindexter appears to believe that because the CRAs resolved some of her disputes against her that their reinvestigation procedures are obviously unreasonable. Not so.

9

Poindexter concedes that some of the CRAs corrected some inaccuracies, Dkt. 64 at 12; so, the Court cannot infer unreasonable procedures from the fact that the CRAs did not resolve all of Poindexter's disputes in her favor.

Beyond her conclusory allegations that the CRAs "failed to follow reasonable [reporting] procedures," and that their "reinvestigations. . . were superficial," there is simply nothing in the second amended complaint to suggest the CRAs' procedures ran afoul of §§ 1681e(b) and 1681i.

> ### iii. Although Poindexter alleges her credit report harmed her creditworthiness, she does not allege how particular inaccuracies caused that harm.

Poindexter asserts that her credit report resulted in "credit denials and adverse lending outcomes"; "increased borrowing costs and scrutiny"; "hard inquiry damage"; "emotional distress"; and "reputational injury." Dkt. 64 at 12. She specifically claims that she received a "hard inquiry" when she applied for a Sam's Club credit card on October 7, 2024. *Id.* at 11. But beyond concluding that she has been "damaged," Poindexter does nothing to explain *how* any inaccurate reporting by the CRAs caused these harms. After all, Poindexter does not appear to contest that some of her accounts have been charged off. *Id.* at 5–7. So while her failure to pay her bills is an obvious cause of the "damage" she suffered, it is less obvious from the second amended complaint how any of the CRAs caused her harm. Absent facts showing (or permitting an inference) that misreported data hurt her creditworthiness, Poindexter cannot state §§ 1681e(b) and 1681i claims.

## C. Sections 1681n and 1681o are damage provisions that do not provide independent causes of action

Poindexter pleads 15 U.S.C. §§ 1681n and 1681o as distinct causes of action; however, neither provision is substantive. Instead, both provisions set forth the type of damages that are

10

available for negligent and willful violations of the FCRA.[7] Because §§ 1681n and 1681o do not support independent causes of action, those "claims" must be dismissed as well. *See Morrow v. Experian Info. Sols. Inc.*, 2026 WL 800210, at *5 (E.D. Mich. Mar. 23, 2026) ("§§ 1681o and 1681n do not establish independent causes of action," but instead authority the award of money damages for other violations of the FCRA).

## IV.    CONCLUSION

For these reasons, the Court **GRANTS** Experian's and Equifax's motions to dismiss (Dkts. 69 and 75) and will dismiss the claims against Experian and Equifax with prejudice.

The Court will **VACATE** the Memorandum Opinion & Order (Dkt. 45) consolidating case nos. 6:25-cv-43, 6:25-cv-51, and 6:25-cv-52; the Pretrial Order (Dkt. 62); and the November 2nd trial date (Dkt. 61). The Court will enter a new scheduling order governing Poindexter's case against TransUnion.

The Clerk shall docket a copy of this Order in all three cases.

The Clerk is further directed to enter Rule 58 judgment in Equifax's favor in case no. 6:25-cv-43 and in Experian's favor in case no. 6:25-cv-52. Thereafter, the Clerk shall strike those two cases from the Court's active docket. Plaintiff has thirty (30) days from the date of those judgments to file her notice(s) of appeal.  *See* Fed. R. App. P. 4. Any notice appealing the judgment in favor Equifax should be filed in case no. 6:25-cv-43; whereas; any notice appealing the judgment in favor of Experian should be filed in case no. 6:25-cv-52.

---

[7]    For willful violations of the FCRA, a consumer can recover statutory or actual damages, punitive damages, costs and attorney's fees, *see* 15 U.S.C. § 1681n, whereas for negligent violations a consumer can recover actual damages, costs and attorney's fees, *see* 15 U.S.C. § 1681o.

The case against TransUnion will now proceed under case no. 6:25-cv-51. The Clerk shall re-file the following docket entries from case no. 6:25-cv-43 onto the docket in case no. 6:25-cv-51: the Second Amended Complaint (Dkt. 64); TransUnion's Answer (Dkt. 71); the Positive Disclosure Statement by TransUnion (Dkt. 74); and the Notice of Change of Address by Tiffany Poindexter (Dkt. 77). All future filings relating to the TransUnion matter should be filed in case no. 6:25-cv-51, which remains open.

The Clerk shall provide a copy of this Order to all counsel of record and to Plaintiff at her last known address.

It is so ordered.

Entered this 30th day of April, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE